ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO **Parte recurrida** <br><br> v. <br><br> CARLOS JESÚS ROSADO ORTIZ **Parte peticionaria** | **TA2026CE00404** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez** <br><br> Caso núm.: **ISCR2024-00632-00635** <br><br> Sobre: ART. 401 L.S.C. (2C) ART. 412 L.S.C. Y ART. 6.22 L.A. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocaso, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece ante nos, Carlos Jesús Rosado Ortiz, en adelante, Rosado Ortiz o peticionario, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Mayagüez, en adelante, TPI-Mayagüez, notificada el 6 de marzo de 2026. En la misma, el foro a quo declaró *"No Ha Lugar"* una solicitud de supresión de evidencia.

Por los fundamentos que esbozaremos a continuación, **denegamos** expedir el recurso solicitado.

## I.

El 9 de septiembre de 2023 se presentaron varias denuncias contra Rosado Ortiz. Luego de celebrada la vista de determinación de causa para arresto, y otra vista en alzada, se encontró causa contra el peticionario por alegadas infracciones al Artículo 401 y 412 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1973, en adelante, Ley de Sustancias Controladas, 24 LPRA sec. 2401 & 2412 y el Artículo 6.22 de la Ley

de Armas de Puerto Rico, Ley Núm. 168 de 11 de diciembre de 2019, en adelante, Ley de Armas, 25 LPRA sec. 466u. Así, el 10 de mayo de 2024 se celebró la *Vista Preliminar*, y a consecución de esta, se radicaron los cargos correspondientes contra Rosado Ortiz.

Por su parte, el peticionario el 4 de octubre de 2024 dos (2) escritos: una *"Solicitud de Supresión de Evidencia"* y otra *"Solicitud de Supresión de Admisiones"*. Indicó que procedía la supresión de evidencia ocupada en su residencia, mediante una Orden de Registro y Allanamiento. Arguyó que la orden se obtuvo por el testimonio falso de un agente de la policía. Por su parte, el 18 de noviembre de 2025 el Ministerio Público se opuso a la solicitud en cuestión. El TPI-Mayagüez señaló vista evidenciara para atender la petición de supresión. La misma fue celebrada los días 22 de julio de 2025; 27 al 29 de octubre de 2025 y del 15 al 19 de enero de 2026.

Concluido el desfile de prueba, la defensa de Rosado Ortiz argumentó ausencia total de evidencia que justificara el acceso del Estado al interior de su residencia para realizar un registro. Por otro lado, el Ministerio Público adujo que el peticionario no tenía legitimación activa para solicitar la supresión de la evidencia ocupada, en virtud de lo dispuesto en la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, R. 234.

Concluida la misma, el Foro Primario notificó una *"Resolución"* el 6 de marzo de 2026 con ciento trece (113) determinaciones de hecho. En su dictamen, el Foro Primario concedió haberle impartido credibilidad a la prueba del Ministerio Público. Añadió que el Estado cumplió con las exigencias normativas para la expedición y ejecución de la orden de registro

en la residencia de Rosado Ortiz. Por ello, declaró *"No Ha Lugar"* la petición de supresión presentada por este.[1]

Inconforme, el peticionario recurrió ante esta Curia mediante *"Certiorari Criminal"*, en el cual expuso los siguientes errores:

**PRIMER ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DENEGAR LA SOLICITUD DE LA DEFENSA, AL AMPARO DE LA REGLA 607(D) DE LAS DE EVIDENCIA DE PUERTO RICO, PARA QUE EN EL DESFILE DE PRUEBA BAJO LA REGLA 234 DE LAS DE PROCEDIMIENTO CRIMINAL SE PERMITIERA SER SUGESTIVO AL INTERROGAR AL AGENTE HÉCTOR MATOS MARTÍNEZ, PLACA 37250, QUIEN ESTÁ IDENTIFICADO CON LA PARTE ADVERSA, EN CUANTO A LA SUFICIENCIA DE RAZONABILIDAD PARA OBTENER LA ORDEN JUDICIAL DE REGISTRO Y ALLANAMIENTO, LO QUE VIOLENTÓ DICHA REGLA, EL DERECHO A LA CONFRONTACIÓN Y AL DEBIDO PROCESO DE LEY.

**SEGUNDO ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR QUE LA DEFENSA NO LOGRÓ ESTABLECER EN LA VISTA BAJO LA REGLA 234 DE LAS DE PROCEDIMIENTO CRIMINAL QUE LA ORDEN JUDICIAL EN CONTRA DE LA RESIDENCIA DEL ACUSADO SE OBTUVO EN VIOLACIÓN AL ARTÍCULO I, SECCIONES 1 Y 10 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA CUARTA ENMIENDA DE LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS DE NORTEAMÉRICA POR AUTORIZAR IRRAZONABLEMENTE UN REGISTRO Y ALLANAMIENTO EN UN ESPACIO CUANDO SE DEMOSTRÓ, A LA LUZ DE LA TOTALIDAD DE LAS CIRCUNSTANCIAS, QUE LA EXPECTATIVA DE INTIMIDAD RESIDENCIAL Y DORMITORIO DEL ACUSADO FUE VIOLENTADA MEDIANTE INSUFICIENCIA DE CAUSA PROBABLE DE QUE EL INTERIOR DE LA ESTRUCTURA FUESE UTILIZADO PARA TENER O VENDER SUSTANCIAS CONTROLADAS O PARA COMETER CUALQUIER DELITO.

**TERCER ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL CONCLUIR QUE DE LA TOTALIDAD DE LA PRUEBA ADMITIDA BAJO LA REGLA 234 DE LAS DE PROCEDIMIENTO CRIMINAL SE DESPRENDIÓ QUE LA CONFIDENCIA QUE DIO BASE A LA INVESTIGACIÓN POLICÍACA EN CUANTO A QUE LA RESIDENCIA SE UTILIZABA POR EL ÚNICO SUJETO MENCIONADO (C/P "BEBITO") PARA VENDER "PERICO" TODA VEZ QUE EL ÚNICO EVENTO CAPTADO POR EL AGENTE QUE REALIZÓ LA INVESTIGACIÓN FUE QUE TAL INDIVIDUO POSEÍA "CRACK" EN EL PATIO EXTERIOR DE LA ESTRUCTURA, SIN QUE EXISTIERA RELACIÓN CONEXIÓN ALGUNA CON EL ACUSADO NI CON EL INTERIOR DE LA RESIDENCIA CON TAL ACTIVIDAD, CONSIDERANDO QUE EN LA ESTRUCTURA

---

[1] El resumen de hechos, hasta aquí recogido surge de la *"Resolución"* recurrida, ubicada en el Apéndice del recurso, Anejo #2.

HABITABAN TRES ADULTOS ADICIONALES AL CIUDADANO BAJO SEÑALADO EN LA CONFIDENCIA.

**CUARTO ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DENEGAR LA SUPRESIÓN DE LA EVIDENCIA ATRIBUIDA AL ACUSADO COMO POSEÍDA JUNTO A TRES OTROS COAUTORES (INCLUIDO EL SEÑALADO EN LA CONFIDENCIA) A PESAR DE HABERLO ARRESTADO AL ENCONTRAR MARIHUANA EN EL CUARTO DORMITORIO DE UN TERCERO, QUIEN RESULTÓ TENER LICENCIA PARA POSEER CANNABIS, SIN QUE SURGIERA DE LA EVIDENCIA QUE EL ACUSADO PRESENCIARA LA FORMA Y MANERA DEL REGISTRO, Y SIN QUE SE HUBIESE ENCONTRADO EVIDENCIA DELICTIVA QUE PUDIESE RELACIONARSE MEDIANTE CAUSA PROBABLE AL ACUSADO, LO CUAL DESENCADENÓ INCAUTACIONES SUPRIMIBLES EN CUANTO AL ACUSADO POR SER FRUTO DEL ÁRBOL PROHIBIDO.

**QUINTO ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL ADMITIR EN CONTRA DEL ACUSADO EN LA VISTA BAJO LA REGLA 234 DE LAS DE PROCEDIMIENTO CRIMINAL ASEVERACIONES DEL AGENTE SAMUEL PRATTS ACEVEDO, PLACA 36948 ATRIBUYENDO MANIFESTACIONES OBTENIDAS DEL COAUTOR, HÉCTOR ROSADO MATÍAS (C/P "BEBITO") LAS CUALES EL ESTADO PRETENDE USAR PARA RELACIONAR AL ACUSADO CON LA OCUPACIÓN DEL DINERO PRODUCTO DEL REGISTRO DE UNA CARTERA DE MUJER, ASÍ COMO CON EL DINERO Y SUSTANCIAS CONTROLADAS OCUPADOS EN LOS CUARTOS Y LAS PERSONAS EN QUE LOS OTROS DOS ADULTOS ARRESTADOS ALBERGABAN SUS PROPIAS EXPECTATIVAS DE INTIMIDAD, MANIFESTACIONES POLICÍACAS QUE CONSTITUYEN PRUEBA DE REFERENCIA INADMISIBLE SIN QUE SE ESTABLECIERAN EXCEPCIONES NI JUSTIFICACIÓN LEGÍTIMA PARA ELLO, EN VIOLACIÓN AL DERECHO A LA CONFRONTACIÓN Y AL DEBIDO PROCESO DE LEY.

**SEXTO ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DENEGAR LA SUPRESIÓN DE EVIDENCIA A PESAR DE QUE EL AGENTE QUE HIZO EL REGISTRO ACEPTÓ QUE TODO EL MATERIAL QUE RESULTÓ SER SUSTANCIAS CONTROLADAS FUE OCUPADA Y EMBALADA CONJUNTAMENTE, ASÍ COMO LA TOTALIDAD DEL DINERO SE EMBALÓ CONJUNTAMENTE, POR LO QUE RESULTA IMPOSIBLE PRECISAR QUÉ SUSTANCIA FUE OCUPADA EN UN LUGAR O EN OTRO, Y QUÉ PAPEL MONEDA FUE OCUPADO EN UN LUGAR O EN OTRO, LO QUE IMPIDIÓ DE MANERA INSUBSANABLE QUE SE PUEDA ESTABLECER LA ADMISIBILIDAD EN EVIDENCIA DE TALES MATERIALES PARA DETERMINAR CONEXIÓN PARTICULARIZADA CON EL ACUSADO CONJUNTA O SEPARADAMENTE DE LOS ALEGADOS COAUTORES.

**SÉPTIMO ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DENEGAR LA SUPRESIÓN DE EVIDENCIA AL ESTABLECER EN SU DETERMINACIÓN DE HECHOS QUE EL ACUSADO NO PUDO MOSTRAR PROCEDENCIA DE UN DINERO OCUPADO MEDIANTE REGISTRO DEL INTERIOR DE LA CARTERA DE SU ESPOSA, NI EN LA

PERSONA DEL COAUTOR HÉCTOR ROSADO MATÍASTAMBIÉN COACUSADA, CUANDO NO SURGIÓ EVIDENCIA EN LA VISTA DE QUE LA POLICÍA REALIZARA GESTIÓN ALGUNA SOBRE DICHA PROCEDENCIA Y OBLIGATORIEDAD LEGAL SOBRE ELLO DEL ACUSADO.

**OCTAVO ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DENEGAR LA SUPRESIÓN DE LA ADMISIÓN ESCRITA DEL ACUSADO CUANDO LAS MANIFESTACIONES CONTRAINTERÉS FUERON PROVISTAS PRODUCTO DEL ÁRBOL PONZOÑOSO EN UNAS CIRCUNSTANCIAS CARENTES DE CONFIABILIDAD Y SIN QUE SE HAYA REALIZADO GESTIÓN INVESTIGATIVA SUFICIENTE DE CORROBORACIÓN.

El 8 de abril de 2026 emitimos una *"Resolución"*, mediante la cual concedimos al TPI-Mayagüez un periodo de cinco (5) días para que nos proveyera las regrabaciones de las vistas de supresión del caso de marras. Además, concedimos a la parte recurrida, en este caso al Procurador General de Puerto Rico en representación del Ministerio Público, hasta el 17 de abril de 2026 para presentar su posición respecto al recurso.

Ese mismo día, siendo el 8 de abril de 2026, la Secretaría Regional Auxiliar del Centro Judicial de Mayagüez realizó una *"Comparecencia Especial"* en la que notificó el envío de las regrabaciones solicitadas en formato digital. Por su parte, el 28 de abril de 2026, la parte recurrida compareció ante nos mediante *"Escrito en Cumplimiento de Orden"*.

Perfeccionado el recurso de autos, y analizadas las vistas del caso, procedemos a expresarnos.

## II.

### A. *Certiorari* Criminal

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026). *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe*

*Rivera*, 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León,* supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez,* supra, pág. 847; *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Allio v. Santiago Chardón,* supra. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Allio v. Santiago Chardón, supra; BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181

(1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Supresión de Evidencia

Nuestra Constitución consagra la *regla de exclusión de evidencia,* al disponer que toda evidencia que se obtenga en violación a la protección de registros y allanamientos irrazonables será inadmisible en los tribunales. Art. II, Sec. 10, Const. PR, LPRA, Tomo 1. Véase, además, *Pueblo v. Apolinar Rondón*, 2025 TSPR 113, 216 DPR __ (2025); *Pueblo v. Rolón Rodríguez*, 193 DPR 166, 175 (2015); *Pueblo v. Colón Bernier*, 148 DPR 135, 148 (1999).

En armonía con este mandato, la Regla 234 de Procedimiento Criminal, *supra,* establece el mecanismo que provee un medio procesal mediante el cual una persona afectada por un registro o allanamiento ilegal podrá solicitar la supresión de la evidencia que se obtuvo como consecuencia de ello, bajo cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

*(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.*

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

*(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.*

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanmiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

[…]
(Énfasis suplido).

En esta moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El Tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrará vista evidenciaria ante un magistrado distinto, cuando se trate de evidencia incautada mediante una orden judicial. *Pueblo v. Rolón Rodríguez*, supra, pág. 183; *Pueblo v. Maldonado Rosa,* 135 DPR 563, 569 (1994).

El propósito de la vista previa al juicio es tanto para fomentar la economía procesal como de recursos que se traducen en gastos. En dicha vista lo que se decide es la legalidad o razonabilidad del registro efectuado. *Pueblo v. Miranda Alvarado,* 143 DPR 356, 371 (1997). A tales efectos, la adjudicación de una moción de supresión de evidencia constituye una determinación interlocutoria, distinta al acto del juicio en sus méritos. *Pueblo v. Rivera Rivera*, 117 DPR 283, 289 (1986). Por consiguiente, en dicha vista no está en controversia la culpabilidad o inocencia del acusado, sino exclusivamente la legalidad del registro o allanamiento impugnado. *Íd.* Asimismo, el quantum de prueba aplicable es el de preponderancia de la prueba. Véase, Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Tomo I, sec. 6.7, pág. 333 (1991).

Por otro lado, sabido es que las Reglas de Evidencia no se aplican con el mismo rigor en este tipo de procedimiento. La Regla 103 de Evidencia, 32 LPRA Ap. VI, R. 103(D), dispone que estas *no obligan* en determinadas etapas preliminares o interlocutorias. En atención a ello, se ha reconocido que el juez cuenta con amplia discreción para flexibilizar su aplicación en aras de adjudicar adecuadamente la controversia planteada. Véase, R. Emanuelli

Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, 4ta ed., pág. 55-56 (2015).

Reiteramos, sería contrario a esas economías el tener que esperar al día del juicio para hacer una pausa en éste, con el propósito de dilucidar una cuestión colateral sobre admisibilidad, cuyo ofrecimiento en el juicio era anticipable. *Pueblo v. Valenzuela Morel,* 158 DPR 526, 539 (2003); *Pueblo v. Miranda Alvarado,* supra; *Pueblo v. Blase Vázquez,* 148 DPR 618, 628 (1999); *Pueblo v. Rey Marrero* 109 DPR 739, 750 (1980).

No obstante, dicha norma no es absoluta. La Regla 234 admite cierta flexibilidad en su aplicación, de modo que, en determinadas circunstancias, la controversia sobre la legalidad del registro puede atenderse conjuntamente en la vista en su fondo. *Pueblo v. Blase Vázquez,* supra; *Pueblo v. González Navarrete,* 117 DPR 577, 580 (1986); *Pueblo v. Hernández Flores,* 113 DPR 511, 514 (1982), *Dibella v. United States,* 369 US 121 (1962).

Asimismo, se ha reconocido que la legalidad de un registro puede plantearse incluso durante el juicio, aun cuando la solicitud de supresión haya sido previamente denegada, si de la prueba desfilada surge tal ilegalidad. Lo contrario produciría un resultado injusto al permitir que una norma procesal prevalezca sobre una garantía constitucional fundamental. *Pueblo v. Hernández Flores,* supra; *Pueblo v. Blase Vázquez,* supra.

### C. Registros y Allanamientos

La Sec. 10, del Art. II, de la Constitución del Estado Libre Asociado de Puerto Rico, LPRA, Tomo 1, ed. 1999, pág. 311, establece, en lo pertinente, lo siguiente:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
> [...]

*Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar o registrarse, y las personas a detenerse o las cosas a ocuparse.*

Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

(Énfasis suplido).

*Pueblo v. Apolinar Rondón,* supra.

A nivel federal, la Constitución de Estados Unidos, en su Cuarta Enmienda, Emda. IV, Const. EE. UU., LPRA, Tomo 1, dispone lo siguiente:

No se violará el derecho del pueblo a la seguridad de sus personas, hogares, documentos y pertenencias, contra allanamientos e incautaciones fuera de lo razonable, y no se expedirá ningún mandamiento judicial para el efecto, si no en virtud de causa probable, respaldada en juramento o promesa, y con la descripción en detalle del lugar que habrá de ser allanado y de las personas o efectos que serán objeto de detención o incautación.

La protección que brinda la aludida Cuarta Enmienda fue extendida a Puerto Rico por medio del caso. *Torres v. Com. of Puerto Rico,* 442 US 465, 471 (1979). Así, a través de la Carta de Derechos de nuestra Constitución, se estableció un derecho a la protección de toda persona contra registros y allanamientos irrazonables por parte del Estado.

De este modo, nuestra Carta Magna refleja una protección más amplia que la Constitución de Estados Unidos. Esto es así, debido a que "[e]l reconocimiento expreso del derecho a la intimidad en nuestra Constitución, y la preeminencia de éste al momento de evaluar las acciones gubernamentales, permiten que el alcance de la protección contra registros y allanamientos sea mayor". *Pueblo v. Rolón Rodríguez,* supra, pág. 175; Véase, además, E.L. Chiesa, *Derecho Procesal Penal: Etapa Investigativa,*

San Juan, Pubs. JTS, 2006, págs. 98–99. Por ende, para que el Estado pueda llevar a cabo un registro y/o allanamiento de la persona o sus efectos, *será necesaria una orden judicial que esté basada en la existencia de causa probable.* El magistrado deberá determinar la causa probable a base de criterios de razonabilidad y probabilidad, fundamentados en hechos y no en meras sospechas. *Pueblo v. Colón Bernier,* supra, pág. 144.

Ahora bien, cuando el registro o allanamiento se lleve a cabo sin una orden válida, el mismo se presumirá irrazonable. *E.L.A. v. Coca Cola Bott. Co.,* 115 DPR 197, 207 (1984). Por lo cual, tendrá el Ministerio Público el peso de la prueba para rebatir dicha presunción y demostrar la legalidad y razonabilidad de la actuación del Estado. *Pueblo v. Blase Vázquez,* supra, pág. 631; *Pueblo v. Vázquez Méndez,* 117 DPR 170, 177 (1986).

Por otro lado, *cuando el registro y allanamiento se realiza al amparo de una orden judicial se presume válido y razonable, y el peso de la prueba en cuanto a establecer la invalidez e ilegalidad del registro y allanamiento recae en el acusado. Pueblo v. Vázquez Méndez,* supra, pág. 179.

Cuando la evidencia incautada es producto de un registro o allanamiento con previa orden judicial, éste se presume válido y razonable. En esa vista, el peso de la prueba y la obligación de persuadir corresponde al que solicita la supresión de evidencia. *Pueblo v. Vázquez Méndez,* supra, pág. 177. Esta exigencia se ha establecido por la presunción de legalidad que tiene una actuación del Estado basada en una orden judicial válidamente expedida. *Id.,* pág. 179; *Pueblo v. Luciano Arroyo,* 83 D.P.R. 573, 585 (1961).

### D. Derecho a la no autoincriminación

En el presente caso están envueltos dos (2) principios constitucionales. El primero: el derecho a la no autoincriminación,

y segundo: la protección del individuo contra registros y allanamientos irrazonables.

El Art. II, Sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, *supra*, establece que "nadie será obligado a incriminarse mediante su propio testimonio". Así también lo consagra la Quinta Enmienda de la Constitución de los Estados Unidos de América, *supra*. *Pueblo v. Torres Figueroa*, 208 DPR 786, 792 (2022); *Pueblo v. Millán Pacheco*, 182 DPR 595, 608 (2011); *Pueblo v. Viruet Camacho*, 173 DPR 563, 570 (2008).

Este derecho constitucional contra la autoincriminación constituye la protección más importante con la que cuenta todo ciudadano que enfrenta un interrogatorio como parte de una investigación criminal. En esencia se trata de que "ninguna persona está obligada a contestar preguntas ni a decir algo que lo ponga en riesgo de responsabilidad criminal". *Pueblo v. Torres Figueroa,* supra; *Pueblo vs. Millán Pacheco*, supra. Véase, además, E.L. Chiesa Aponte, Derecho Procesal Penal: Etapa Investigativa, San Juan, Publ. J.T.S., 2004 pág. 25.

Sin embargo, esta garantía constitucional "no es absoluta". Este derecho puede ser renunciado, siempre que la renuncia sea voluntaria, consciente e inteligente. Para que la renuncia al derecho a no auto incriminarse sea hecha de modo consciente e inteligente, el sospechoso o imputado de delito debe de haber sido informado en forma apropiada de los requisitos de las llamadas advertencias *Miranda,* del caso *Miranda v. Arizona*, 384 US 436 (1966). Véase, además, *Pueblo v. Torres Figueroa,* supra, pág. 792; *Pueblo v. Nieves Vives*, 188 DPR 1, 22 (2013); *Pueblo v. Millán Pacheco*, supra, pág. 609; *Pueblo v. Viruet Camacho*, supra; *Pueblo s. Medina Hernández*, 158 DPR 489, 504 (2003); *Pueblo vs. Ruiz Bosch*, 127 DPR 762 (1991); *Rivera Escuté v. Jefe de Penitenciaría,* 92 DPR 765 (1965).

Sabido es que las llamadas *"Advertencias Miranda"* comprenden, aunque no tienen que seguir un lenguaje exacto, pero tampoco una lectura mecánica de derechos, que: (1) tiene derecho a ser advertido de su derecho a guardar silencio; (2) cualquier declaración que haga podrá y será usada como evidencia en su contra; (3) que tiene derecho a ser asistido por un abogado, ya sea que la persona lo contrate o de carecer de recursos económicos, asignado por el Estado. *Pueblo v. Nieves Vives*, supra, p.22; *Pueblo v. Millán Pacheco*, supra, pág. 610; *Pueblo vs. Medina Hernández*, supra, pág. 505; *Rivera Escuté v. Jefe de Penitenciaría*, supra, pág. 776.

Para poder reclamar con éxito una violación a las normas establecidas en Miranda es necesario que converjan los siguientes requisitos: (1) que al momento de obtenerse la declaración impugnada ya la investigación se haya centralizado sobre la persona; esto es, que ya funja como sospechoso de la comisión de un delito; (2) que la persona haya hecho la declaración incriminatoria como producto de un interrogatorio de Estado; (3) que tal interrogatorio haya ocurrido estando la persona bajo la custodia del Estado; (4) y como el presente caso, el tiempo transcurrido entre su arresto y la confesión. Sin embargo, no existe un parámetro que indique cual es el tiempo necesario que debe transcurrir. *Pueblo v. Nieves Vives*, supra, pág. 24; *Pueblo vs. Medina Hernández*, supra, pág. 506; *Pueblo vs. Millán Pacheco*, supra, pág. 613.

Por eso, el criterio que deben utilizar los tribunales, al analizar la validez de la renuncia al privilegio de la autoincriminación, deberá estar basado en el análisis de la totalidad de las circunstancias y le corresponde al Ministerio Público probar mediante preponderancia de la prueba, que dicha renuncia del acusado de sus derechos según la cláusula de no

autoincriminación fue, y repetimos, "voluntaria, consciente e inteligente". *Pueblo v. Viruet Camacho*, supra.

### III.

El peticionario recurre ante esta Curia impugnando el resultado de una solicitud de supresión de evidencia y otra solicitud de supresión de admisiones. Aduce este que la evidencia incautada en un registro –con orden judicial– llevado a cabo en su residencia, fue contrario a derecho. En sus señalamientos de error, sostiene que se violaron derechos de naturaleza constitucional, que los procesos en la vista evidenciaria de supresión no se cumplió con la Regla 234 de Procedimiento Criminal, *supra*, y que, a la luz de las circunstancias del caso de marras, procedía la supresión de la evidencia impugnada, por ser esta fruto del árbol ponzoñoso.

Este Tribunal, en cumplimiento con su facultad revisora, discrecional en recursos de esta índole, ha revisado cautelosamente el expediente de epígrafe. Además, escuchó cada una de las regrabaciones sobre la vista evidenciaria en cuestión. Luego de un ponderado análisis de todo el expediente, no hemos divisado perjuicio, error manifiesto o parcialidad en los procesos. Además, hemos evaluado con gran recato la extensa *"Resolución"* recurrida, a la luz de los escritos de ambas partes. Es nuestra apreciación que el TPI-Mayagüez no cometió un error al impedir la supresión de evidencia, según solicitado por Rosado Ortiz.

Ante ese cuadro, concluimos que no se demostró la existencia de abuso de discreción, prejuicio, parcialidad o error craso por parte del Tribunal de Primera Instancia que justifique la intervención de este Tribunal en esta etapa interlocutoria. Tampoco surge que la denegatoria de la revisión en este momento produzca un fracaso irremediable de la justicia.

**IV.**

Por los fundamentos antes expuestos, *denegamos expedir el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones